**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5307**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

RUSSELL JONES, a/k/a Nosebleed, a/k/a Bleed,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:09-cr-00288-WDQ-22)

Submitted: August 15, 2011        Decided: September 7, 2011

Before WILKINSON, MOTZ, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph J. Gigliotti, Riverdale, Maryland, for Appellant. Traci L. Robinson, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Russell Jones appeals his conviction and 210-month sentence for one count of conspiracy to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 (2006). Counsel has filed a brief in this court pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but questioning whether Jones was properly sentenced as a career offender. We affirm.

We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. First, we must assess whether the district court properly calculated the Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (same). An extensive explanation is not required as long as we are satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'"

2

United States v. Engle, 592 F.3d 495, 500 (4th Cir.) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)), cert. denied, 131 S. Ct. 165 (2010).

Here, Jones questions on appeal whether the district court properly sentenced him as a career offender. The pre-sentence report (PSR) indicated that because Jones has two prior state felony convictions for possession with intent to distribute heroin and one felony conviction for assault, he is a career offender. (Vol. II J.A. 65). Jones states that the cases were consolidated and sentenced together, and thus are not separate convictions for the purpose of the career offender enhancement.

The career offender guideline applies to those cases in which:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a). To qualify, prior sentences must be "counted separately under the provisions of [USSG] § 4A1.1(a), (b), or (c)." USSG § 4B1.2(c). "Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second

3

offense)." USSG § 4A1.2(a)(2) (defining the term "prior sentence" as used in § 4A1.1).

The PSR indicated that while Jones's state felony possession with intent to distribute heroin offenses were sentenced on the same day, one (State Case No. 203052003) was committed on August 8, 2003, while the second (State Case No. 103206003) was committed on June 24, 2003. Thus, the offenses were separate and Jones was properly sentenced as a career offender.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Jones, in writing, of the right to petition the Supreme Court of the United States for further review. If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jones.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED