# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
|     **Respondent** | * | CRIMINAL NO. WDQ-09-0288; |
| **v.** | * | CIVIL ACTION NO. WDQ-12-2631 |
| | * | |
| **RUSSELL JONES,** | * | |
| | * | |
|     **Petitioner.** | * | |
| | ****** | |

### GOVERNMENT'S OPPOSITION TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

The United States of America, by its undersigned counsel, Rod J. Rosenstein, United States Attorney for the District of Maryland, and Antonio J. Reynolds, Assistant United States Attorney for said District, respectfully submit the following opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

### PROCEDURAL BACKGROUND

On May 26, 2009, a grand jury returned an indictment against Petitioner Russell Jones and others charging a conspiracy to commit racketeering, in violation of 18 U.S.C. § 1962(d), and conspiracy to distribute and possess with intent to distribute controlled dangerous substances, in violation of 21 U.S.C. § 846. The district court had jurisdiction over the case under 18 U.S.C. § 3231. Pursuant to a written plea agreement, Petitioner pled guilty to conspiracy to distribute and possess with intent to distribute controlled substances. This Court sentenced Petitioner to a term of imprisonment of 210 months.

On December 10, 2010, Petitioner noticed an appeal with the Fourth Circuit Court of Appeals, and his counsel later filed a brief under Anders v. California, 286 U.S. 738 (1976). On

September 7, 2011, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and judgment. On September 4, 2012, Petitioner filed the instant motion to vacate, set aside, or correct his sentence. Petitioner's instant motion, having been filed within one year of September 7, 2011, is timely. See 28 U.S.C. § 2255(f)(1).

## APPLICABLE STANDARD

Petitioner's § 2255 motion is premised on the alleged ineffective assistance of his trial counsel. In particular, petitioner claims that his trial counsel was ineffective in the following ways:

(1) Failing to request that the U.S. Attorney's office enter into a plea under Rule 11(c)(1)( C) and stipulate to a guidelines range that would ignore Petitioner's status as a career offender; and

(2) Failing to object at sentencing to this Court's reliance on the presentence report in concluding that Petitioner is a career offender.

The touchstone for evaluating petitioner's claim of ineffective assistance of counsel is whether the conduct of his attorney fell "within the range of competence normally demanded of attorneys in criminal cases." Strickland v. Washington, 466 U.S. 668, 687 (1984). In Strickland, the Court instructed that claims of ineffective assistance of counsel are decided by the following two prong test:

> First the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Id.; see also Roach v. Martin, 757 F.2d 1463 (4th Cir. 1985); Hill v. Lockhart, 474 U.S. 52 (1985).

In evaluating the first part of the Strickland test, courts should make every effort to evaluate attorney conduct from counsel's perspective at the time. 466 U.S. at 690. Moreover, courts apply

a strong presumption of competence with respect to the actions of defense counsel. In this regard, the Fourth Circuit has recognized that:

> [j]udicial scrutiny of counsel's performance must be highly deferential. It is all too easy for a defendant to second guess counsel's assistance after conviction. . . . A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action, might be considered sound trial strategy.

Roach, 757 F.2d at 1476; see also Wiggins v. Smith, 539 U.S. 510, 520-22 (2003) (discussing highly deferential standard applicable to counsel's original decisions that are subsequently challenged in collateral proceedings); Bunch v. Thompson, 949 F.2d 1354, 1363 (4th Cir. 1991) (same).

## ARGUMENT

Defense counsel's performance was not deficient. First, the government did not offer Petitioner a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and defense counsel had no ability under the federal rules to compel the government to make any offer beyond the offer that the government made. Second, because the Court is authorized to rely on the presentence report in determining Petitioner's criminal history, including whether Petitioner is a career offender. Because Petitioner was previously convicted of two felony drug offense as well as a second degree assault offense, defense counsel was not ineffective.

**I. PETITIONER'S COUNSEL HAD NO ABILITY TO COMPEL THE GOVERNMENT TO OFFER PETITIONER A RULE 11(c)(1)(C) PLEA, AND WAS, THEREFORE, NOT INEFFECTIVE IN FAILING TO INSIST ON SUCH A PLEA**

Under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, a plea agreement "may specify that an attorney for the government will . . . agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factors does not apply (such a recommendation or request binds

the court once the court accepts the plea agreement)." Fed. R. Crim. P. 11(c)(1)(C). The government, however, also may offer a plea agreement under Rule 11(c)(1)(A)-(B) of the Federal Rules of Criminal Procedure, and, in so doing, may, among other things, dismiss charges or recommend to the court a non-binding sentence. See Fed. R. Crim. P. 11(c).

A claim for ineffective assistance counsel may be maintained where defense counsel fails to present a formal plea offer from the government. See Missouri v. Frye, 132 S.Ct. 1399 (2012); Lafler v. Cooper, 132 S. Ct. 1376 (2012). In Frye, the Supreme Court held that, "as a general rule, defense counsel has the duty to communicate formal prosecution offers to accept a plea on terms and conditions that may be favorable to the accused." 132 S. Ct. at 1408. The Court further held that, to show prejudice where a plea offer has lapsed or been rejected because of counsel's deficient performance, a defendant must demonstrate a reasonable probability both that he would have accepted the more favorable plea offer had he been afforded effective assistance of counsel, and that "the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it. . . ." Id. at 1409.

In the captioned matter, the government declined to offer Petitioner a plea offer under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Defense counsel presented Petitioner with the plea offer that the government did make and was, therefore, not ineffective.

### II. DEFENSE COUNSEL WAS NOT INEFFECTIVE IN FAILING TO OBJECT TO THIS COURT'S RELIANCE ON THE PRESENTENCE REPORT IN DETERMINING THAT PETITIONER IS A CAREER OFFENDER

Under U.S.S.G. §4B1.1, the career offender guidelines apply in case where "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior convictions for either a crime of

violence or a controlled substance offense." Under Maryland law, heroin distribution offenses are categorical controlled substance offenses for purposes of the career offender sentencing guidelines because each is punishable by more than one year imprisonment and involves the distribution of a controlled substance. See U.S.S.G. §4B1.2(b).

The Fourth Circuit has held that the Court need not consider any underlying documents to find the existence of a conviction that qualifies categorically as a predicate offense. See United States v. Redd, 2010 WL 123204 (4th Cir. Mar. 30, 2010) In Redd, the court held that the presentence report alone is sufficient to prove the existence of such convictions. See id. at 6 (citing, United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990) ("A mere objection to the finding in the presentence report is not sufficient. . . . Without an affirmative showing the information is inaccurate the court is 'free to adopt the findings of the [presentence report] without more specific inquiry or explanation.'")).

In this case, Petitioner is a career offender pursuant to U.S.S.G. §4B1.1, because he has two prior convictions for possession with intent to distribute heroin.[1] Because these convictions qualify categorically as predicate offenses, defense counsel was not ineffective at sentencing. In addition, because this Court may rely on the presentence report, defense counsel was not ineffective in failing to object to this Court's reliance on the presentence report.

---

[1] This Court need not consider Petitioner's second degree assault conviction for career offender purposes given Petitioner's two felony drug convictions, which alone make Petitioner a career offender.

## CONCLUSION

The United States respectfully requests that this Court deny petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

                                                        Respectfully Submitted,

                                                        Rod J. Rosenstein
                                                      United States Attorney

Dated: December 22, 2012        By: _____/s/_____
                                                        Antonio J. Reynolds
                                                        Assistant United States Attorney
                                                        U.S. Attorney's Office
                                                        36 South Charles Street, 4th Fl.
                                                        Baltimore, Maryland 21201
                                                        (410) 209-4800