IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

RUSSELL JONES,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL NO.:    WDQ-12-2631
CRIMINAL NO.:  WDQ-09-0288

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Russell Jones pled guilty to conspiracy to distribute a controlled substance. ECF No. 1043-2 at 2. On December 1, 2010, he was sentenced to 210 months imprisonment. *Id.*; ECF No. 927. Pending are Jones's *pro se* motions: (1) to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, ECF Nos. 1145, 1277;[1] (2) to modify his sentence under 18 U.S.C. § 3582(c), ECF No. 1054; and (3) to expand the record to support his § 2255 motions, ECF No. 1240. No hearing is necessary. *See* Rule 8 of the *Rules Governing § 2255 Proceedings*. For the following reasons, Jones's motions to change his sentence will be denied, and his motion to expand the record will be denied as moot.

---

[1] Jones filed a motion to amend his original § 2255 petition to add an additional ground of error. *See* ECF No. 1277. The Government did not oppose the motion, ECF No. 1282, and filed responses to Jones's original petition, ECF No. 1178, and amended petition, ECF No. 1283. The Court will consider both of Jones's § 2255 motions.

I. Background

On May 26, 2009, Jones was indicted on: (1) conspiracy to participate in racketeering activity, in violation of 18 U.S.C. § 1961 (count one); and (2) conspiracy to distribute and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 846 (count two). ECF No. 1 at 9, 32-33. On June 3, 2009, Joseph John Gigliotti, Esquire, was appointed to defend him. ECF No. 192. At his August 26, 2009 arraignment, Jones pled not-guilty. ECF No. 384.

On March 11, 2010, pursuant to a plea agreement, Jones pled guilty to count two. In the plea agreement, the government agreed to "make a sentencing recommendation within the advisory guideline range" and to dismiss count one of the indictment. See Plea Agreement (sealed).[2] Jones admitted to conspiring to distribute 500 grams to 1.5 kilograms of crack cocaine and at least three kilograms but less than ten kilograms of heroin, and

---

[2] Federal Rule of Criminal Procedure 11(c)(1)(A)-(B) provides:

> If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will:
>
> (A) not bring, or will move to dismiss, other charges; or (B) recommend, or agree not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request does not bind the court).

admitted that the distribution of those quantities of drugs was reasonably foreseeable. Tr.[3] at 13-14.

On November 22, 2010, the United States Probation office completed a pre-sentence report ("PSR"). The report concluded that Jones's offense level was 37, he was eligible for a downward adjustment of three levels to 34 for acceptance of responsibility, and his criminal history category was VI. PSR at 4, 6 (sealed). He was a career offender, because of three prior felony convictions in the Circuit Court for Baltimore City, Maryland. *Id.* at 4-6. He was convicted twice for possession with intent to distribute heroin and once for assault. *See* PSR at 5-6. The PSR recommended a sentence of 210 months imprisonment. PSR. The PSR did not identify any victims of the offense. *Id.* at 3.

On December 1, 2010, the Court adopted the PSR's factual findings and sentencing recommendations and sentenced Jones to 210 months imprisonment. Statement of Reasons (sealed).

On December 10, 2010, Jones appealed his conviction and sentence. ECF No. 927. His counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), certifying that there were no meritorious issues for appeal. ECF No. 1043-2 at 2. On September 7, 2011, the Fourth Circuit affirmed, holding that

---

[3] The designation "Tr." refers to the hearing transcript of the March 11, 2010 rearraignment during which Jones pled guilty.

3

Jones was properly sentenced as a career offender. *Id.* at 2-4; ECF No. 1043. Jones did not petition the Supreme Court for a writ of *certiorari*. ECF No. 1145 at 2.

On November 2, 2011, Jones moved to modify or reduce his sentence under § 3582(c)(2). ECF No. 1054. On September 4, 2012, Jones moved to vacate, set aside, or correct his sentence under § 2255. ECF No. 1145. On December 21, 2012, the government opposed the motion. ECF No. 1178. On March 25, 2013, Jones replied. ECF No. 1220. On May 10, 2013, Jones moved for permission to expand the record to support his § 2255 motion. ECF No. 1240. On August 16, 2013, Jones moved to amend his § 2255 petition to add an additional ground of error. ECF No. 1277. On September 12, 2013, the government opposed the amended motion only on the merits. ECF No. 1283.

II. Analysis

Jones contends that his sentence should be vacated under § 2255 because: (1) he received ineffective assistance of counsel when Gigliotti did not negotiate a Rule 11(c)(1)(C) plea;[4] (2) the Court relied on the PSR, rather than extrinsic

---

[4] Federal Rule of Criminal Procedure 11(c)(1)(C) provides that a "plea agreement may specify that an attorney for the government will . . . agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement)."

evidence, to determine that Jones was a career offender; and (3) the Fair Sentencing Act entitles him to a lower sentence. ECF No. 1145-1 at 5, 7-8.

A. Ineffective Assistance of Counsel

1. Legal Standard

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove ineffective assistance, Jones must show: (1) counsel's performance was deficient and (2) the deficiency prejudiced his defense. *Id.* at 687. To show deficient performance, Jones must establish that counsel made errors so serious that the "representation fell below an objective standard of reasonableness." *Id.* at 688. To show prejudice, he must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "There exists a strong presumption that counsel's conduct was within a wide range of reasonably professional conduct . . . ." *Kratsas v. United States*, 102 F. Supp. 2d 320, 322 (D. Md. 2000) *aff'd*, 9 F. App'x 107 (4th Cir. 2001) (*citing id.* at 688-89).

2. Plea Offer

Jones contends that Gigliotti "was ineffective for failing to invoke Rule 11(c)(1)(C)" and request that the government "waive the [career offender] enhancement or stipulate to a

guideline range of 120 to 140 months." ECF No. 1145-1 at 4. The government contends that "[d]efense counsel presented [Jones] with the plea offer that the government did make and was, therefore, not ineffective." ECF No. 1178 at 4. In his reply, Jones "concedes that the government was correct in asserting that defense counsel's performance was not deficient in not compelling the government to offer him a Rule 11(c)(1)(C) plea." ECF No. 1220 at 1. Accordingly, this claim is not a basis for relief.

### 3. Career Offender Determination

#### a. Reliance on PSR

Jones contends that the Court erred in "[r]elying sole[l]y on the [PSR]" to determine that he was a career offender, because "the [PSR] is not a judicial record," and that his counsel erred in not objecting to the Court's reliance on the PSR. ECF Nos. 1145-1 at 7, 1220 at 1. He asserts that *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L. Ed. 2d 205 (2005), requires that the Court rely on judicial records, such as charging documents or "trial judge formal rules of law and findings of facts" to determine if the defendant's prior convictions qualify him as a career offender. *See* ECF No. 1145-1 at 7. The government argues that "the presentence report alone is sufficient to prove the existence of such convictions." *See* ECF No. 1178 at 5.

Under the advisory Sentencing Guidelines, a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. Sentencing Guidelines Manual § 4B1.1(a) (2011). Relying on the PSR, the Court found that Jones had three qualifying prior convictions--two controlled substance offenses and one crime of violence. *See* PSR at 4; Statement of Reasons.

In *Shepard*, the Supreme Court held that federal courts could not rely on "police reports or complaint applications" in determining whether a defendant had three prior convictions for serious drug offenses or violent felonies under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)," because documents such as these lacked "the conclusive significance of a prior judicial record." *Shepard*, 544 U.S. at 17, 25, 125 S.Ct. at 1257, 1262. The Fourth Circuit has held that a PSR "bears the earmarks of derivation from *Shepard*-approved sources such as the indictments and state-court judgments from [prior] convictions." *United States v. Thompson*, 421 F.3d 278, 285 (4th Cir. 2005). Accordingly, after *Shepard*, "a sentencing court is entitled to rely on 'the conclusive significance' of the record as set out in the presentence report." *United States v. Redd*, 372 F. App'x

7

413, 416 (4th Cir. 2010) (internal citations omitted); *see also United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990) ("Without an affirmative showing the information is inaccurate, the court is 'free to adopt the findings of the [PSR] without more specific inquiry or explanation.'"). As the Court did not err in relying on the PSR to determine that Jones was a career offender, Jones's counsel did not err in failing to object to the Court's reliance on the PSR. *See, e.g., Strickland*, 466 U.S. at 687; *cf. Elliott v. Kelly*, 1:08CV430, 2009 WL 855796, at *16 (E.D. Va. Mar. 31, 2009) (denying *Strickland* claim, because no error in counsel's failing to object to properly admitted testimony).

b. Qualifying Convictions

Jones asserts that the Court erred in relying on the PSR to determine that he has two qualifying controlled substance offenses under the career offender guidelines,[5] because the Court

---

[5] Under the Guidelines, a controlled substance offense is defined as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

§ 4B1.2(b).

8

cannot rely solely on the PSR under *Shepard*,[6] and the PSR did not contain sufficient factual information for the Court to conclude the conviction qualified.[7] ECF No. 1220 at 6. He argues that his counsel was deficient for failing to object to the Court's error. *See id.* He also contends that his two felony controlled substance convictions were consolidated in the state court, and "the government bears the burden of proving . . . that both controlled substance offenses occurred on a different day." ECF No. 1145-1 at 10.

The Fourth Circuit held that Jones was properly sentenced as a career offender, concluding that he was previously convicted of two controlled substance offenses.[8] *See* ECF No.

---

[6] As discussed above, the Court could rely on the PSR to determine if Jones was a career offender, and Jones's counsel did not err in objecting to the Court's reliance on the PSR. *See supra* Section II.A.3.a.

[7] Sentencing courts do not rely on the facts underlying previous convictions to determine if they qualify as predicate offenses under the Sentencing Guidelines. *See United States v. Kirksey*, 138 F.3d 120, 124-25 (4th Cir. 1998). Here, the mere fact of Jones's convictions show that he was previously convicted of drug distribution offenses punishable by more than one year imprisonment--qualifying controlled substance offenses under the Guidelines. *See* PSR at 5-6; § 4B1.2(b).

[8] Under the career offender provision of the sentencing guidelines, at least two qualifying felony convictions must be counted separately. *See* § 4B1.2(c). The Fourth Circuit held that Jones had two qualifying controlled substance convictions, because his drug offenses were separated by an intervening arrest. *See* ECF No. 1043-2 at 3-4. Although the convictions "were sentenced on the same day, one (State Case No. 203052003) was committed on August 8, 2003, while the second (State Case

1043-2 at 3-4. "Absent a change in the law, a prisoner cannot relitigate in collateral proceedings an issue rejected on direct appeal." *United States v. Walker*, 299 F. App'x 273, 276 (4th Cir. 2008). Jones "question[ed] on appeal whether the district court properly sentenced him as a career offender;" the Fourth Circuit concluded he was properly sentenced based on his controlled substance convictions. *See* ECF No. 1043-2 at 3-4. Jones did not appeal the Fourth Circuit's decision and cannot challenge it now in a § 2255 motion. *See* ECF No. 1145; *Walker*, 299 F. App'x at 276.

As Jones had at least two qualifying felony convictions,[9] his counsel did not err in not objecting to the Court's determination that, based on the PSR, Jones was a career offender. Jones did not receive ineffective assistance of counsel. *See Strickland*, 466 U.S. at 687; *cf. Elliott*, 2009 WL 855796, at *16.

---

No. 103206003) was committed on June 24, 2003." *Id.* at 4. Jones's motion to expand the record seeks to support his assertion that his two prior convictions should be considered one. *See* ECF No. 1240 at 1-2. He includes an affidavit, which admits that each offense involved a separate arrest which occurred months apart. *See id.* at 3. Thus, this motion will be denied as moot.

[9] Because the Fourth Circuit held that Jones was properly sentenced as a career offender based on his drug convictions, *see* ECF No. 1043-2 at 4, the Court need not decide whether his conviction for assault qualified as a crime of violence under the Guidelines.

B. Mandatory Minimum

Jones asserts that the Court erred in allowing him to accept responsibility for a drug amount that was greater than the amount alleged in the indictment. See ECF No. 1277-1 at 2. As a result, an incorrect mandatory minimum sentence was allegedly triggered, implicating *Alleyne v. United States*, 133 S.Ct. 2151, 2158, 186 L. Ed. 2d 314 (2013). In *Alleyne*, the Supreme Court held that "[f]acts that increase the mandatory minimum sentence . . . must be submitted to the jury and found beyond a reasonable doubt." 133 S.Ct. at 2158.

The indictment charged Jones with conspiring to distribute, *inter alia*, "50 grams or more of a mixture or substance containing a detectable amount of cocaine base." ECF No. 1 at 33. Under the version of § 841(b)(1)(A) in effect when Jones was convicted, the statute provided for a ten year mandatory minimum sentence for conspiring to distribute "50 grams or more of a mixture or substance . . . which contains cocaine base." See also § 841(a)(1); § 846 ("Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."). Accordingly, the offense for which Jones was charged carried a mandatory minimum sentence of ten years.

Jones pled guilty to conspiring to distribute "500 grams to 1.5 kilograms of crack cocaine." Tr. at 14. This was within the scope of the indictment, which charged 50 grams *or more* of crack cocaine, ECF No. 1 at 33 (emphasis added), and did not change the mandatory term of ten years, see § 841(b)(1)(A). Thus, *Alleyne* is inapposite and the Court did not err in allowing Jones's plea.

Jones now argues that he should not be responsible for the distribution of the drug amount which he admitted was reasonably foreseeable. *See, e.g.*, ECF No. 1277-1 at 13-14. This assertion contradicts his sworn statements at the hearing, *see* Tr. at 14. "[A] defendant's solemn declarations in open court . . . 'carry a strong presumption of verity.'" *United States v. White*, 366 F.3d 291, 295 (4th Cir.2004) (*quoting Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). "[I]n the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted). Jones has not alleged any extraordinary circumstances to justify the contradictions between his sworn statements and his motion. Accordingly, this claim is not a basis for relief.

C. Fair Sentencing Act

1. § 2255 Motion

Jones asserts that he should be resentenced in accordance with the Fair Sentencing Act ("FSA"), because he "[pled] guilty in 2009 to 50 grams of cocaine base," and "was sentenced to 210 months on December 1 2010." ECF No. 1145-1 at 8. The government does not respond to this argument.

In 2010, Congress enacted the FSA which increased the quantities of crack cocaine required for mandatory minimum sentencing. *See Dorsey v. United States*, 132 S.Ct. 2321, 2329, 183 L. Ed. 2d 250 (2012). Under the revised § 841, the quantity of crack required for the mandatory minimum ten year sentence was increased from 50 grams to 280 grams. *See id.*; § 841(b)(1)(A)(iii). The *Dorsey* Court held that the FSA applied to defendants convicted before, but sentenced after, the Act went into effect. *Dorsey*, 132 S.Ct. 2321 at 2335.

Jones pled guilty to conspiring to distribute at least 500 grams of crack cocaine. *See* Tr. at 14. Under either version of § 841, he was subject to the ten year mandatory minimum term under the FSA. *See* § 841(b)(1)(A)(iii). His motion to correct sentence will be denied.

2. § 3582 Motion

Jones moves under § 3582(c) to modify or reduce his sentence. ECF No. 1054. Under this provision, a Court may modify a sentence only:

> 1) upon motion of the Director of the Bureau of Prisons if "extraordinary and compelling reasons" exist; 2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or 3) if the sentencing range is subsequently lowered by the Sentencing Commission.

See § 3582(c). Jones's motion asserts that he is entitled to a reduced sentenced because of the passage of the FSA. ECF No. 1054 at 3. Given the Court's conclusion that the FSA does not apply to Jones, see supra Section II.C.1., this claim will be denied.

Jones also contends that he was incorrectly sentenced, because "the government did not charge a specific drug amount in the indictment." ECF No. 1054-1 at 3. He cites *United States v. Young*, which held that "unless the drug-quantity threshold is *alleged in the indictment* and found by the jury, the conviction is not for an aggravated drug-trafficking offense and the defendant may not be sentenced to more than the 20 years authorized by § 841(b)(1)(C)." 609 F.3d 348, 356 (4th Cir. 2010) (emphasis added). However, a drug quantity was alleged in the indictment--Jones was charged with conspiring to distribute "50 grams or more" of crack cocaine. See ECF No. 1 at 33. He has presented no "extraordinary and compelling" reason to reduce

his sentence. See § 3582(c)(1)(A)(i). Accordingly, Jones's § 3582 motion will be denied.

D. Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the court's decision in a § 2255 case. See 28 U.S.C. § 2253(c)(1); Fed.R.App.P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (internal quotation marks omitted). Denial of a COA does not prevent the petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

Because Jones has not made a substantial showing of the denial of his constitutional rights, the Court will not issue a COA.

III. Conclusion

For the reasons stated above, Jones's motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, and

15

his motion to modify his sentence under 18 U.S.C. § 3582(c), will be denied.

_4/13/13_
Date

_/s/ [signature]_
William D. Quarles, Jr.
United States District Judge