IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | *  CRIMINAL NO. JKB-09-0288 |
| RUSSELL JONES, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Defendant Russell Jones has submitted a Motion for the Imposition of a Reduced Sentence pursuant to Section 404 of the First Step Act. (ECF No. 1796.) He requests that the motion be addressed immediately in light of the Covid-19 threat. (ECF No. 1861.) The Government opposes the motion. (ECF Nos. 1812, 1864.) The Defendant is eligible to be considered for relief under the First Step Act (ECF No. 1858); the question now is whether the Court finds a sentence reduction appropriate.

The Court has carefully reviewed the submissions of both sides and the entire record. First, the Court considers how the Federal Sentencing Guidelines would apply if the Defendant were sentenced today. For purposes of this case only, the Court agrees with the computation submitted by defense counsel with a resultant offense level of 29, criminal history category V. (*See* ECF No. 1796 at 5.) This results in a guidelines range of 140 to 175 months of incarceration.[1]

The Court next applies the 18 U.S.C. § 3553(a) factors. As to history and characteristics, the Defendant has an aggravated prior record, including a conviction for a violent offense. As to

---

[1] Consistent with Defense counsel's request, the Court does not make any broader holdings about the applicability of current law in First Step Act proceedings. (*See* ECF No. 1813 at 22 n.4.) The Court merely notes that Defense counsel's theory as to how the guidelines would apply today is sound and relevant to the Section 404 analysis.

1

nature and circumstances of the offense, the Defendant played a central role in a drug distribution scheme that distributed large quantities of cocaine and heroin in Maryland. As to seriousness of the offense, drug distribution on this scale results in untold turmoil, pain, and suffering in the communities where the drugs are sold. The Court takes notice of the fact that large scale drug trafficking operations in Maryland are frequently accompanied by violence. The misconduct is unquestionably serious.

As for deterrence, a substantial term of incarceration is warranted to dissuade the Defendant and others from this sort of serious misconduct in the future. As for the need to protect the public, the Defendant has been involved in serious criminal conduct over a period of time. He is a recidivist. During the time he has been incarcerated, the Defendant has also had numerous disciplinary infractions, including for fighting and possession of a weapon. The infractions, however, were largely concentrated during the first five years of his incarceration, and his conduct has improved in recent years. As for the need to avoid unwarranted sentencing disparities, the Court has carefully considered the penalties imposed on others with similar records in similar and dissimilar cases. As for training and treatment options, the Court finds they would exist both in prison and on supervised release. As detailed above, the Court also considers the advice of the Federal Sentencing Guidelines.

Finally, the Court takes into account the extraordinary circumstance of the presence of the Covid-19 virus within the Bureau of Prisons and the Defendant's potential special susceptibility due to the medical conditions he specifies. (*See* ECF No. 1861.)

Taking into account all of the above, and especially the Defendant's involvement with substantial quantities of both cocaine and heroin, a sentence at the top of the guidelines range referenced above is appropriate. The Court notes that regardless of the guidelines range, the Court

would impose the very same sentence in this case, taking into account the other § 3553(a) factors. Despite the Covid-19 threat, the gravity of the Defendant's crime precludes imposition of a sentence of time served.

The sentence that is appropriate on Count Two (conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846) that is sufficient but not more than necessary at this juncture is 175 months of incarceration to be followed by 5 years of supervised release. All other terms of the sentence previously imposed remain in force. The Court will enter an amended judgment and commitment order consistent with this ruling.

Therefore, the Motion for the Imposition of a Reduced Sentence pursuant to Section 404 of the First Step Act (ECF No. 1796) is GRANTED to the extent described above.

DATED this 13th day of April, 2020.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge